1
2
3
4
5          **UNITED STATES DISTRICT COURT**

6          EASTERN DISTRICT OF CALIFORNIA

7   RUSSELL CLEO CONSTABLE,              )   1:09cv0029 OWW DLB
                                         )
8                                        )
                                         )
9                    Plaintiff,          )   FINDINGS AND RECOMMENDATION
                                         )   REGARDING DISMISSAL OF ACTION
10       v.                              )
                                         )
11  KENNETH J. HARA,                     )
                                         )
12                                       )
                                         )
13                   Defendant.          )
    _____ )

14

15          Plaintiff Russell Cleo Constable ("Plaintiff"), appearing pro se and proceeding in forma

16  pauperis, filed the instant civil rights complaint on January 7, 2009.  For the reasons stated

17  below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

18                                    **DISCUSSION**

19  A.     Screening Standard

20          Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

21  complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

22  if the court determines that the action is legally "frivolous or malicious," fails to state a claim

23  upon which relief may be granted, or seeks monetary relief from a defendant who is immune

24  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

25  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

26  cured by amendment.

27          In reviewing a complaint under this standard, the Court must accept as true the allegations

28  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

                                            1

1  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick</u>

2  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

3  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4  B.    <u>Allegations</u>

5       Plaintiff sues Kenneth J. Hara, an attorney who works for Stanislaus County.  Plaintiff

6  does not allege that Mr. Hara is a district attorney, only that he is "a County employee and

7  officer, at Stanislaus County Department of Child Support" and works at the court.  The

8  Department of Child Support Services is a division of the Stanislaus District Attorney's Office,

9  making Mr. Hara a district attorney.  He is sued in his personal capacity "for representing Lisa

10  Constable in a matter of divorce and child custody."  Complaint, at 2.

11       Plaintiff's allegations are based on his belief that Mr. Hara acted outside of his authority

12  by interfering with his marriage dissolution and child custody proceedings on April 15, 2008,

13  "under the cloak of child support."  Complaint, at 6.  He alleges that Mr. Hara only had authority

14  to act on child support issues and that there were no such issues until he intervened.  He explains

15  that the child support issues were concluded on April 12, 2000, when "Stanislaus County Child

16  Support Services and Lisa Constable walked away from all money owed in this matter."

17  Complaint, at 3.

18       Plaintiff contends that Mr. Hara's interference denied him a fair hearing "by fraudulently

19  giving third party input as if he had firsthand knowledge," and that these actions were outside the

20  scope of his employment.  Complaint, at 4.  Although Mr. Hara represented that he was acting on

21  behalf of the "case," Plaintiff believe that he was acting as an unlicensed agent for his (ex-)wife,

22  Lisa Constable.  Based on these allegations of fraud, "lying," and extortion, Plaintiff alleges

23  causes of action under the 5th, 6th and 14th Amendments.  He requests statutory damages under

24  the Fair Debt Collection Practices Act, as well as punitive damages.

25  ///

26  ///

27  C.    <u>Analysis</u>

28       1.    *Immunity*

2

1    Plaintiff filed a similar action with the same allegations in May 2008.  After giving him a

2    chance to amend, the Court recommended that his amended complaint be dismissed without

3    leave to amend based on (1) 11th Amendment immunity/qualified immunity; (2) lack of subject

4    matter jurisdiction.[1]  For the reasons explained below, the Court recommends dismissal for the

5    same reasons.

6    Likely attempting to avoid the same fate, Plaintiff now sues Mr. Hara under 42 U.S.C.

7    § 1983 in his personal capacity and tries to avoid qualified immunity by alleging, without

8    support, that Mr. Hara acted outside the scope of his employment.  The Eleventh Amendment

9    does not bar suits seeking damages against state officials in their personal capacity.  See Hafer v.

10   Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th

11   Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).

12   "Personal-capacity suits seek to impose personal liability upon a government official for actions

13   [the official] takes under color of state law.  See Kentucky v. Graham, 473 U.S. 159, 165 (1988).

14   However, Defendant Hara is entitled to qualified immunity.  Government officials

15   charged with enforcing presumably constitutional state laws are entitled to qualified immunity if

16   it was reasonable for them to assume that they were acting legally and they acted in good faith.

17   Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982).  In ruling upon the issue of qualified immunity,

18   the initial inquiry is whether, taken in the light most favorable to the party asserting the injury,

19   the facts alleged show the defendant's conduct violated a constitutional right.  Saucier v. Katz,

20   533 U.S. 194, 201 (2001).  If, and only if, a violation can be made out, the next step is to ask

21   whether the right was clearly established.  Id.  The inquiry "must be undertaken in light of the

22   specific context of the case, not as a broad general proposition . . . ."  Saucier v. Katz, 533 U.S.

23   194, 201 (2002).  "[T]he right the official is alleged to have violated must have been 'clearly

24   established' in a more particularized, and hence more relevant, sense:  The contours of the right

25   must be sufficiently clear that a reasonable official would understand that what he is doing

26   violates that right."  Saucier, 533 U.S. at 202 (citation omitted).  Qualified immunity protects "all

27

28

[1]  The action was closed on August 25, 2008.

but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986).

Although Plaintiff alleges that Mr. Hara acted outside the scope of his employment, there is no indication that his conduct fell outside of the type of conduct entitled to qualified immunity. Plaintiff attempts to avoid qualified immunity by vaguely alleging that Mr. Hara acted outside the scope of his employment by involving himself in a matter of divorce or child custody, but his allegations are conclusory and are insufficient to overcome qualified immunity. As explained above, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." While Plaintiff may disagree with his involvement and/or dispute the child support arrearages, there is no indication that Mr. Hara could not raise the child support issue during the marriage/child custody proceedings. Mr. Hara was acting on behalf of the Stanislaus County Department of Child Support Services in an effort to collect past due child support payments. While Plaintiff states that he had no authority to act and takes issue with the fact that Mr. Hara was representing neither Plaintiff nor his wife, yet was allowed to interfere in a marriage and child custody proceeding "under the cloak of child support," Mr. Hara was entitled to be involved in the child support issue.

2.   *FDCPA*

Insofar as Plaintiff attempts to bring a claim under the Fair Debt Collection Practices Act ("FDCPA"), his attempt fails. The FDCPA defines "debt" as:

> . . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The term is therefore limited and the FDCPA does not apply to all debts. Here, Plaintiff is attempting to use his alleged child support arrearages to obtain protection under the FDCPA. Child support obligations are not "debts" under the FDCPA. <u>See</u> <u>Turner v. Cook</u>, 362 F.3d 1219, 1227 (9th Cir. 2004) (<u>citing</u> <u>Mabe v. G.C. Servs. Ltd. P'ship</u>, 32 F.3d 86, 88 (4th Cir.1994) for the proposition that an obligation to pay child support is not a "debt" under the FDCPA because it was not incurred in exchange for consumer goods or services).

3.      *Subject Matter Jurisdiction*

Finally, Plaintiff's claims are inextricably intertwined with California state court child support proceedings.  It is well established that a federal court lacks subject matter jurisdiction to review final determinations of state courts, as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (holding the "Rooker-Feldman" doctrine is jurisdictional).  A federal district court is a court of original jurisdiction, and as such has no authority to review the final determinations of a state court in judicial proceedings.  Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986).

Plaintiff's complaint therefore fails to state a claim for which relief may be granted, and he cannot cure these deficiencies by amendment.  Therefore, the Court finds that the action should be DISMISSED WITHOUT LEAVE TO AMEND.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 13, 2009**            _____ **/s/ Dennis L. Beck** _____
                                          UNITED STATES MAGISTRATE JUDGE