# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL CLEO CONSTABLE, | ) | 1:09cv0029 OWW DLB |
| | ) | |
| | ) | |
| | ) | ORDER CONSTRUING OBJECTIONS AS |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| v. | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| KENNETH J. HARA, | ) | (Document 8) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, appearing pro se, filed the instant action on January 7, 2009.

On February 24, 2009, the Court adopted the January 16, 2009, Findings and Recommendation that the action be dismissed without leave to amend and the action was closed. However, due to administrative delay, Plaintiff's objections were not filed until February 24, 2009, after the order adopting was filed. Given that the case has been closed, the Court will construe Plaintiff's objections as a motion for reconsideration.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . of an adverse party, . . . or (6) any other reason

1

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

On February 24, 2009, Plaintiff's action was dismissed because (1) Defendant Hara is entitled to qualified immunity; (2) he cannot state a under the Fair Debt Collection Practices Act; and (3) the Court lacked subject matter jurisdiction because the issues were inextricably intertwined with California law.

In his recent filing, Plaintiff states that he will drop his Fair Debt Collection Practices Act to avoid dismissal for failure to state a claim thereunder. His main focus, however, is arguing that Defendant Hara, a district attorney for the County of Stanislaus, denied him his right to a fair trial and equal protection by making a special appearance for his ex-wife, Lisa Constable, in a hearing that he believed involved only marriage dissolution and child custody issues. Plaintiff reasons that because he believes Defendant Hara has authority to represent parties only in child support proceedings, he "trespassed" on the case.

Plaintiff specifically cites Defendant Hara's special appearance during an April 16, 2008, hearing, which he believed involved only child custody and marriage issues. Because the hearing did not involve child support issues, Defendant Hara improperly "introduced the subject" and injured Plaintiff.

*Subject Matter Jurisdiction*

Despite Plaintiff's assurance that he is not asking this Court to review any state court decisions, the fact remains that his claims are inextricably intertwined with state court procedure and issues. A federal court lacks subject matter jurisdiction both when it is asked to review final determinations of state courts, **as well as claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not actually raised in the state court.** See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (holding the "Rooker-Feldman" doctrine is jurisdictional). So, whether Plaintiff characterizes the issues as involving child support, child

2

custody or dissolution of marriage, these are issues within the province of the state court and do not bestow subject matter jurisdiction in this Court.

*Qualified Immunity*

Plaintiff also attempts to avoid qualified immunity by again suggesting that Defendant Hara acted outside the scope of his employment by involving himself in the April 16, 2008, proceedings, where he believes child support was not at issue. However, government officials charged with enforcing presumably constitutional state laws are entitled to qualified immunity **if it was reasonable for them to assume that they were acting legally and they acted in good faith.** Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). Plaintiff attaches a minute order from the April 16, 2008, hearing, which notes Defendant Hara's special appearance. From the description of the hearing, it appears that the Department of Child Support Services, for which Defendant Hara works, was moving to consolidate three related actions- one involving the dissolution of marriage and two involving child support issues. It also appears that Defendant Hara opposed Plaintiff's motion to set aside the judgment of dissolution of marriage. For both issues, Plaintiff was instructed to file formal responses setting forth his positions. It is certainly reasonable for Defendant Hara to assume that he was acting legally and in good faith during his involvement in these family law matters.

## **ORDER**

Accordingly, based on the above, Plaintiff's arguments do not change the validity of the January 16, 2009, Findings and Recommendation and the Court's February 24, 2009, adoption thereof. Plaintiff's motion is therefore DENIED. The case shall remain CLOSED.

IT IS SO ORDERED.

**Dated:   February 26, 2009**               /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE